UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**RANDALL LEE BABB, SR.**                                                                                   **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 4:16-CV-P29-JHM**

**DAVID OSBOURNE** *et al.*                                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon two motions by Plaintiff for appointment of counsel (DNs 8 and 13). In Plaintiff's first motion for appointment of counsel (DN 8), he argues that his motion should be granted because he is indigent; his case is complex; he has limited access to the law library; his attorney has refused to take the case; and he has limited knowledge of the law. In a supplemental filing to this first motion (DN 11), he also argues that he should be appointed counsel pursuant to the Americans with Disabilities Act (ADA) because he has been found to be "totally disabled" due to mental illness by the Social Security Administration. In his second motion for appointment of counsel (DN 13), Plaintiff reiterates his prior arguments and adds that he is currently on "psy meds."

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this. *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06; *see also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "In determining whether 'exceptional circumstances' exist, courts have

examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted). As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989).

Here, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this stage. The complexity of the issues in this case does not necessitate the appointment of counsel. Moreover, Plaintiff's described circumstances which he claims necessitate the appointment of counsel are not atypical of prisoner litigants. *See Knowles-Browder v. Ca. Forensic Med. Group Staff*, No. CIV S-05-1260, 2006 U.S. Dist. LEXIS 20973, at *1 (E.D. Cal. Apr. 10, 2006) ("Most pro se litigants believe that their cases are complex, and all prisoners find that their access to law libraries is limited."). In addition, despite Plaintiff's argument that he requires the aid of counsel due to mental illness, based on a review of the documents filed by Plaintiff thus far, the Court finds Plaintiff's filings relatively clear and straight-forward, and his arguments to be logical – all of which indicate that, at this point, he is capable of representing himself. *See, e.g.*, *McDaniel v. Meisner*, No. 14-cv-53-pp, 2015 U.S. Dist. LEXIS 106067, at *7-8 (E.D. Wis. Aug. 12, 2015) (denying motion for appointment of counsel based upon mental and physical disabilities where plaintiff had filed multiple extensive motions regarding straightforward factual allegations); *Strickland v. Greenville Cnty. Det. Ctr.*, No. 9:15-0275-PMD-BM, 2015 U.S. Dist. LEXIS 62616, at *11-12 (D.S.C. May 13, 2014) (holding plaintiff not entitled to appointment of counsel due to learning disability where plaintiff's filings demonstrated his capacity to proceed *pro se)*; *Tran v. Gore*, No. 10-CV-2457-BTM, 2013 U.S. Dist. LEXIS 60933, at *5-7 (S.D. Cal. April 29, 2013) (citing prior court order

denying motion to appoint counsel under the ADA because plaintiff had failed to demonstrate that he was entitled to appointment of counsel under the ADA or how his alleged disability prevented him from sufficiently prosecuting his lawsuit).

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motions for appointment of counsel (DN 8 and DN 13) are **DENIED**.

Date: April 12, 2016

                                                           **Joseph H. McKinley, Jr., Chief Judge**
                                                               **United States District Court**

cc: Plaintiff, pro se
4414.011