UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

RANDALL LEE BABB, SR.                                          PLAINTIFF

v.                                        CIVIL ACTION NO. 4:16-CV-P29-JHM

DAVID OSBOURNE *et al*.                                        DEFENDANTS

<u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon four discovery motions filed by Plaintiff (DNs 43,

44, 51 & 56); a motion for an extension of time filed by Plaintiff (DN 58); a motion for entry of a

default judgment filed by Plaintiff (DN 60); and a motion to strike filed by Defendant Johnston

(DN 64).  The Court will consider each of these motions in turn.

## I. MOTIONS FOR DISCOVERY

Plaintiff has filed three documents which he calls "motions for discovery" (DNs 43, 44

& 56) and one letter in which he requests the production of certain documents, which the Court

also construes as a "motion for discovery" (DN 51).  These motions appear to be initial requests

for Defendants to produce the documents and records requested therein.  Discovery requests,

however, are to be made directly to the opposing party in the first instance.  Accordingly, **IT IS**

**HEREBY ORDERED** that Plaintiff's "motions for discovery" (DNs 43, 44, 51 & 56) are

**DENIED** as premature.

Should Defendants fail to respond to Plaintiff's request for production of documents

within 30 days after Plaintiff serves the request on Defendants' counsel, Plaintiff may file a

motion to compel pursuant to Fed. R. Civ. P. 37, containing a certification that he has in good

faith conferred or attempted to confer with Defendants' counsel in an effort to obtain the

discovery without Court action.  Plaintiff is directed to refer to the Court's *Pro Se* Prisoner Handbook for further explanation of the discovery process.

In addition, the Court reminds all parties that, in accordance with the Scheduling Order, Defendants' counsel shall produce to Plaintiff all records or documentation relevant to the claim(s) set forth in the complaint and then certify that the production is complete and file the certification with the Court.  Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claims and then certify that production is complete and file the certification with the Court.

## II. MOTION FOR AN EXTENSION OF TIME

Plaintiff has also filed a document titled "motion for extension and/or additional time" (DN 58).  In this document, Plaintiff sets forth several tasks that he intends to accomplish once he is released from incarceration which he believes will help him more effectively litigate this action.  Plaintiff, however, does not request that any specific deadline be extended based upon these circumstances.  Thus, because the relief sought by this motion is ambiguous, **IT IS HEREBY ORDERED** that Plaintiff's "motion for extension and/or additional time" (DN 58) is **DENIED**.

## III. MOTION FOR ENTRY OF A DEFAULT JUDGMENT

Plaintiff has also filed a "motion seeking entry of a default judgment" (DN 60).  In this motion, Defendant cites to Fed. R. Civ. P. 12 and states that "if the Defendant fails to timely answer or move to dismiss the complaint, Plaintiff may seek entry of defaught [sic] judgment against the Defendants by making a motion for defaught [sic]."  The Scheduling Order entered by the Court provided that each Defendant should file an answer no later than 21 days after service of summons.  The Court's records indicate that every Defendant except Defendant Elshy

timely answered Plaintiff's complaint and amended complaints (DNs 53 & 54).  As to Defendant Elshy, the record indicates that his summons was returned unexecuted (DN 47), and "[t]here must be effective service of process on a defendant before an entry of default can be made." *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. July 11, 2000) (citing 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2682 (3d ed. 1998)).  For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for entry of a default judgment (DN 60) is **DENIED**.

However, Defendant Elshy must be served.  "[W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal (USM) who must in turn effectuate service upon the defendants . . . ."  *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(3).  A handwritten notation on Defendant Elshy's USM-285 form states: "No longer employed at DCDC/whereabouts unknown" (DN 47).  In an effort to alleviate the burden on the USM, the Court attempts to secure a waiver of service of process when possible.  Since Michael Trent Lee represents the other "Daviess County Defendants," the Court will seek waiver of service for Defendant Elshy from Mr. Lee.  Absent a waiver in this case, the Court will redirect service by the USM.

Accordingly, **IT IS HEREBY ORDERED that Mr. Lee, counsel for the Daviess County Defendants, shall have 21 days from the entry date of this Order to submit a notice of waiver of service on behalf of Defendant Elshy.**

**If Mr. Lee elects not to waive service for Defendant Elshy, he must provide the Court with a last known or forwarding address for Defendant Elshy within 30 days from the entry date of this Order so that the Court may ensure service.**  If the address is not public

record, counsel shall file it **under seal**.  The sealed address will be used only to effect service and will not be provided to Plaintiff.  Further, if an address is provided, **the Clerk of Court is DIRECTED to prepare and issue a summons for Defendant Elshy at that address, and the USM shall serve a copy of the complaint (DN 1), the six amended complaints (DNs 12, 18, 19, 27, 28 & 35), the separate Memorandum Opinion and Order entered on August 17, 2016 (DN 31), and summons on Defendant Elshy in accordance with Rule 4 of the Federal Rules of Civil Procedure.**

## IV. MOTION TO STRIKE

Defendant Johnston has filed a motion to strike (DN 64) a document filed by Plaintiff titled "Motion for Responding to Defendants Motion to Dismiss" (DN 59).  Plaintiff then filed a "Response to Defendants' Motion to Dismiss" (DN 68), which the Court construes as Plaintiff's response to Defendant Johnston's motion to strike.

In his motion, Defendant Johnston argues that DN 59 should be stricken from the record because no Defendant has filed a motion to dismiss.  In Plaintiff's response, he seems to indicate he filed his "Motion for Responding to Defendants Motion to Dismiss" because he was not sure how to "respond" to Defendants' answers.  In this response, Plaintiff reiterates the reasons he believe this action should not be dismissed at this time.

The Court agrees that Plaintiff's "Motion for Responding to Defendants Motion to Dismiss" (DN 59) should be stricken from the record because no Defendant has filed a motion to dismiss.  The only pleadings that Defendants have filed are their procedurally required answers to Plaintiff's complaint and amended complaints.  Accordingly, **IT IS HEREBY ORDERED** that Defendant Johnston's motion to strike (DN 64) is **GRANTED**.

Date:   December 8, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.011