UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:16-CV-00029-JHM

RANDALL LEE BABB, SR.                                              PLAINTIFF

V.

DAVID OSBORNE *et al.*                                             DEFENDANTS

## Memorandum Opinion and Order

This matter is before the Court on Defendant Matthew Johnston's Motion for Summary Judgment [DN 96] and Motion for Summary Judgment [DN 98] by Defendants Daviess County, David Osborne, Marty Teasley, Jim Wyatt, Jack Jones, Chris Isbill, Steven Roberts, Joseph Moore, Katelin Dewitt, and Ken Elschide. Fully briefed, these matters are ripe for decision. For the following reasons, the Court holds that Defendants' motions are **GRANTED**.

## I. Background

Plaintiff Randall Babb Sr. filed this lawsuit while he was incarcerated at the Daviess County Detention Center ("DCDC") on March 4, 2016. One week later, he filed another complaint which was opened as a new action. *Babb v. DCDC*, 4:16-CV-00040-JHM. However, upon further review of the second complaint, the Court determined that it should be consolidated into this action [DN 26]. After an initial screening [DN 31], the Court allowed the following claims to proceed: Plaintiff's claim against Daviess County and his individual-capacity claims against Defendants Marty Teasley, Deputy Dewitt, and Deputy Roberts for the excessive use of force; Plaintiff's claims against Daviess County for exposure to black mold and Hepatitis C; his claim against Daviess County and his individual-capacity claims against Defendants Osborne, Elschide, and Teasley for malnutrition; and his individual-capacity claim against Defendant Johnston for deliberate indifference to a serious medical need. The Court allowed Plaintiff to file

an amended complaint to sue Defendants Lt./Major Elshy, Lt. Jack Jones, Sgt. Moore, and Sgt. Wyatt in their individual capacities for use of excessive force.

Defendants now seek summary judgment on all claims asserted against them, claiming that the Plaintiff failed to exhaust his administrative remedies. Plaintiff has not responded to the motions.

## II. APPLICABLE LAW

The Prison Litigation Reform Act ("PLRA") states, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statute "applies only to prisoners, and a plaintiff's status as a 'prisoner' is to be determined as of the time he brought the lawsuit." *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). The Supreme Court has explained, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In a case such as this one where "the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

## III. DISCUSSION

Plaintiff's claims are subject to the exhaustion requirement of the PLRA. Nowhere in the record does Plaintiff allege that he made efforts to resolve his issues with DCDC through the administrative processes available at the jail. In an attachment to Joint Defendants' Motion for Summary Judgment, a copy of the Inmate Handbook [DN 97-14] demonstrates the DCDC

system for inmates to file grievances in the event that they are unhappy with prison conditions. According to Defendants, a search of DCDC records determined that Plaintiff did not utilize this system to file any grievances with regard to any of the allegations made in this lawsuit. Plaintiff has offered no response.

No reasonable jury could find that Plaintiff met the exhaustion requirements under the PLRA prior to filing this lawsuit. Because he did not exhaust his administrative remedies, claims against Defendants brought pursuant to 42 U.S.C. § 1983 must be dismissed.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' motions for summary judgment are **GRANTED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 12, 2018

cc: counsel of record